IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Octavius Luke | : | |
| 1702 E. Dunedin Road | : | |
| Columbus, Ohio 43224, | : | **COMPLAINT FOR MONETARY,** |
| | : | **EQUITABLE AND** |
| Plaintiff, | : | **DECLARATORY RELIEF** |
| | : | |
| Vs. | : | |
| | : | |
| City of Columbus | : | **CIVIL ACTION NO.** |
| C/o Mayor Michael B. Coleman | : | |
| City Hall | : | |
| 90 West Broad Street | : | **JUDGE** |
| Columbus, Ohio 43215, | : | |
| | : | |
| And | : | **MAGISTRATE JUDGE** |
| | : | |
| FNU Ford, Badge #2569 | : | |
| (personally and in his official capacity | : | |
| as an employee of the City of | : | |
| Columbus and as an officer of the | : | |
| Columbus, Ohio police department) | : | |
| 120 Marconi Blvd. | : | |
| Columbus, Ohio 43215, | : | |
| | : | |
| And | : | |
| | : | |
| John Doe, Badge No. Unknown | : | |
| (personally and in his official capacity | : | |
| as an employee of the City of | : | |
| Columbus and as an officer of the | : | |
| Columbus, Ohio police department) | : | |
| 120 Marconi Blvd. | : | |
| Columbus, Ohio 43215, | : | |
| | : | |
| Defendants. | : | |

## **INTRODUCTION**

1. Each of the paragraphs set forth in this Complaint incorporates all of the other paragraphs without repetitious restatement.

2. The events upon which this complaint is based and the claims of the Plaintiff, Octavius Luke, against the Defendants, City of Columbus, FNU Ford, Badge #2569, and John Doe, Badge # Unknown, are founded all took place on August 8, 2013.

3. This is a civil action for declaratory judgment and for compensatory and punitive monetary damages for violations of rights secured under 42 U.S.C. 1983 the Fourth, Fifth, Eighth, and Fourteenth Amendments to, and other provisions to the United States Constitution and comparable provisions of the Ohio Constitution, as well as rights secured under the laws of the Ohio Constitution.

4. This action is brought to redress injuries to the liberty, person, and property interest of Plaintiff Octavius Luke because of (a) the Defendants' wrongful detention of Plaintiff; (b) the Defendants' false imprisonment of Plaintiff; (c) the Defendants' defamation. i.e. Slander and or Libel of the Plaintiff; (d) the Defendants' excessive use of force in the stopping of Plaintiff's vehicle and the detention of Plaintiff; (e) the Defendants' conspiratorial actions, omissions and other conduct under the color of law which resulted in deprivation of rights secured to Plaintiff under the Constitutions and laws of the United States and the State of Ohio; (f) the Defendants' fraudulent and malicious deprivation of Plaintiff's rights to bodily privacy, due process and equal protection of laws; (g) the Defendants' negligent and intentional assault and battery inflicted upon Plaintiff; (h) the Defendants' intentional and negligent infliction of emotional distress on Plaintiff; (I) the Defendants' abuse of process; (j) the Defendants' abridgment of Plaintiff's rights secured to him under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and similar provisions of the Ohio Constitution; (k) bad faith, fraudulent, and malicious prosecutions of the Defendant; (l) the Defendants' intentional and/or negligent identification of the Plaintiff as a person who committed a minor traffic offense of failing to properly signal while changing lanes, a violation of O.R.C. 4513.11 improper turn; Defendants' perjurious statements, writings, and testimony about Plaintiff; (m) the negligent hiring and retention of Defendants' Officer (FNU) Ford, Badge #2569 and Officer John Doe, Badge # Unknown; negligence by Defendant City of Columbus; (n)the and/or intentional failure of the Defendant City of Columbus to discipline the aforementioned Defendants' for the acts and omissions they committed or failed to commit relative to Plaintiff by Defendant City of Columbus; ( o ) Defendants' excessive use of force against Plaintiff; (p)

Defendants' subjecting Plaintiff to unconstitutional racial profiling; (q) for other acts and omissions of the Defendants which resulted in injury or losses to Plaintiff. This action seeks declaratory and injunctive relief and compensatory and punitive damages from the Defendants.

5. At all times material hereto, Plaintiff avers that Defendants, acting jointly and/or severally, violated Plaintiff's federal and state constitutional rights by unlawfully, maliciously, deliberately, recklessly, willfully, intentionally and/or negligently by: (a) swearing out false charges against Plaintiff; (b) Plaintiff's arrest, detention, imprisonment, and subsequent prosecution for criminal charges; (c) subjecting Plaintiff and Plaintiff's property to illegal search and seizure; and (d) causing injury to Plaintiff's good name, person, and property. At all times material hereto, Defendants acted jointly and/or severally, unlawfully, maliciously, recklessly, willfully, fraudulently, wantonly, intentionally, deliberately, purposefully, and knowingly without probable cause, legal right, or justification; and negligently and/or with gross neglect.

6. Also, this civil actions seeks compensatory and punitive monetary damages and equitable relief from Defendants for the commission of acts and/or omission to act under color of law, statutes, ordinances, regulations, policies, customs, or usage which deprived Plaintiff of rights, privileges, or immunities secured for Plaintiff by the Constitution and laws of the United States of America and the Constitution of Ohio; and further, for singularly and/or acting in concert to deny, and intentionally failing to prevent and/or neglecting to prevent and/or show reckless disregard and/or deliberate disregard to preventing the denial of Plaintiff's right to procedural and substantive due process and equal protection under the law.

7. Also, Plaintiff seeks equitable relief and monetary damages from the aforementioned Defendants for their maintenance and enforcement of policies, rules, practices, regulations, and customs and usage under color of law which operated to cause the damages to Plaintiff as set forth herein, all in violation of federal and Ohio law.

**JURISDICTION**

8. The court's jurisdiction is invoked pursuant to 28 U.S.C. 1331, 1343, 1367, and 42 U.S.C. 1983 and 1988.

9. The jurisdiction of this court is also invoked pursuant to 28 U.S.C. 2201 and 2202 authorizing any court of the United States in a case of actual controversy within its jurisdiction, the authority to declare rights and other legal relations of any interested party seeking such declaration and to grant further necessary and proper relief based upon a declaration judgment on decree.

10. The amount in controversy exceeds $150,000.00, excluding interest and cost.

11. The pendent jurisdiction of the court is invoked as to the state of Ohio causes of action alleged herein.

12. Cost and attorney fees are sought pursuant to 42 U.S.C. 1988.

13. This action properly lies in the judicial district because, at all times material to this civil action, Plaintiff and Defendants were and still are residents and citizens of Franklin County, Ohio; the United States of America, and of this court's judicial district.

14. Venue is also proper with this court for the reason that Plaintiff's claims for relief and causes of action against the Defendants set forth herein all arose in Franklin County, Ohio and all acts and/or omissions of the Defendants upon which Plaintiff claims for relief, causes of action and this civil action against the Defendant are based occurred in Franklin County, Ohio.

**PARTIES**

15. Plaintiff Octavius Luke is an 18 year old African American male citizen of the United States and a resident of Columbus, Franklin County, Ohio.

16. At all times material hereto, Defendant City of Columbus was and still is a municipality and political sub-division of the state of Ohio and owns, operates, manages, directs, supervises, and controls the Department of Public Safety, Division of Police.  Defendant is located in Columbus, Franklin County, Ohio.  The Defendants, Officer (FNU) Ford, Badge No. 2569 and Officer John Doe, Badge No. Unknown acted under the color of state law and is sued in its official capacity.

17. At all times material, Defendant City of Columbus employed Defendants Ford and John Doe in its Department of Public Safety, Division of Police as police officers.

18. At all times material hereto, Defendants Ford and John Doe were acting under the color of the statutes, laws, ordinances, regulations, policies, customs, and usages of the state of Ohio and the city of Columbus.

19. All or some of Plaintiff's claims for relief and causes of action against the Defendants Ford and John Doe as set forth in this complaint arose while the Defendants Ford and John doe were acting outside their scope of employment and duty with the Defendant City of Columbus.

20. Defendants Ford and John Doe are sued in their personal, individual, and official capacities.

21. Defendants Ford and John doe are white male citizens.  Sometimes herein, Defendants Ford and John doe are collectively referred to as the 'Police Officer Defendants'.

22. At all times material to this action, Defendants Ford and John Doe all maintained their place of residence in Franklin County, Ohio.  At all times material to this action, Defendants Ford and John Doe were employees of the Columbus Division of Police, Defendant City of Columbus and directly under its control and/or supervision and/or authority.

23. At all times material to this complaint, Defendants were duly appointed and acting as police officers of the Columbus Division of Police.

24. At all times material, Defendant City of Columbus acted by and through Defendants Ford and John Doe and the acts and omission of said Defendants are imputed to Defendant City of Columbus pursuant to the theory of Respondeat Superior as their omissions and/or acts were:  committed pursuant to express or implied consent of Defendant City of Columbus; ratified by Defendant City of Columbus; committed within the course, scope, and authority (actual or implied) of their employment with the Defendant City of Columbus; committed pursuant to rules, policies, regulations and customs and usages of Defendant City of Columbus; and committed to further the business interest of Defendant City of Columbus.

25. Throughout this complaint, any act of omission of Defendants Ford or John Doe constitutes the acts and omissions of Defendant City of Columbus.

**FACTS**

26. At all times hereto, Plaintiff was and still is a law abiding person.  Prior to August 8, 2013, Plaintiff had never been lawfully charged with nor arrested for nor convicted of any crime whatsoever.  Plaintiff has and continues to evidence absolute respect for the law and law enforcement officers.

27. Plaintiff, at the time of the incident, attended Centennial High School and graduated from this school in June, 2014.

28. On August 8, 2013 the Plaintiff, at approximately 6:00 p.m., picked up Erin Duckworth, a friend from Northland High School, at her home near Sunbury Road.  Plaintiff was northbound on Karl Road and he passed Morse road and was approaching State Route 161.  Plaintiff made a right turn on 161 and was eastbound.  Plaintiff made the right turn into the middle lane on State Route 161 and was headed eastbound.

29. The Plaintiff was attempting to make a left hand turn onto Maple Canyon Drive.  The Plaintiff's car was stopped at a red light when Plaintiff's car was approached by Defendant police officers Ford and John Doe.  The officers approached Plaintiff's vehicle with their guns drawn and being verbally abusive.  The police officers told them to "Get the fuck out of the xxx!" and asked them did they have drugs or guns.

30. Erin Duckworth, black female and Sidney Byrd, black male were passengers in Plaintiff's automobile at the time it was stopped.

31. The Defendant police officers physically dragged Plaintiff and Sidney Byrd out of the car and threw them on the ground.  Plaintiff and Sidney Byrd are both young black males.  The Defendant police officers were white male officers which used excessive force on the victims without provocation.  Both Plaintiff and Sidney Byrd were handcuffed while lying on the ground.

32. The Defendant police officers, without notice, provocation, justification, reason, cause, necessity, probable cause or excuse pulled their police issued weapons on Plaintiff and Sidney Byrd.  This experience of having a weapon pointed in his face has been traumatic on the Plaintiff.  Defendant police officers violently grabbed Plaintiff's arms

and violently twisted them behind his back in a prayer position. This was done even though Plaintiff was compliant and cooperative. This constituted excessive, unreasonable, and unjustified force.

33. As a direct, proximate, foreseeable, and absolute result of the conduct of the Defendants Ford and John Doe as described above, Plaintiff suffered bodily injury, fear, discomfort and severe and debilitating emotional distress and extreme anxiety.

34. The Plaintiff had his vehicle search thoroughly. None of the searches were with the consent of the Plaintiff. The Defendant police officers found nothing in their searches of the Plaintiff and his friends. Plaintiff and Sidney Byrd were released from handcuffs and Plaintiff was given a ticket for making an improper turn.

35. Plaintiff, as a juvenile, received a traffic ticket in Franklin County Common Pleas Court, Division of Domestic Relations, Juvenile Branch. On January 3, 2014 the case was dismissed because, under Juvenile Rule 19, the Plaintiff had no new violations and complied with all the conditions the court set forth.

36. Upon information and belief, Defendant City of Columbus had failed to properly train, supervise, counsel and/or discipline Defendants Ford and John Doe to prevent the conduct that resulted in harm to Plaintiff as described herein.

37. The force used by Defendants Ford and John Doe against Plaintiff was both unnecessary and excessive and exceeded all bounds of human decency.

38. Defendants Ford and John Doe acted maliciously, negligently, grossly negligently, intentionally, deliberately, with deliberate indifference, wantonly, recklessly, and/or without probable cause, justification, or necessity.

39. Upon information and belief, Defendant City of Columbus never counseled or disciplined Defendants Ford and John Doe for their acts and/or omissions visited on the Plaintiff on August 8, 2013.

40. As a direct, foreseeable, and proximate result of the acts and omissions of the Defendants, Plaintiff herein sustained and/or incurred temporary and permanent: bodily injuries, suffering, mental anguish and suffering, pain and suffering, humiliation, embarrassment, and serious emotional distress and harm.

**CLAIMS FOR RELIEF**

**Count I**

41. Defendants Ford and John doe acted under color of state law to deprive Plaintiff of his rights secured under federal civil rights laws, namely U.S.C. 1983.

**Count II**

42. Defendants Ford and John Doe negligently and/or intentionally assaulted Plaintiff contrary to the laws of Ohio.

**Count III**

43. Defendants Ford and John Doe negligently and/or intentionally inflicted serious emotional harm and distress on Plaintiff.

**Count IV**

44. The actions and conduct of the Defendants Ford and John Doe constituted negligence and/or gross negligence and/or recklessness.  Also, the actions and conduct of Defendants constitute excessive and/or unreasonable and/or unlawful use of force.

**Count V**

45. Defendants Ford and John Doe negligently and/or intentionally committed battery on Plaintiff contrary to the state laws of Ohio.

**Count VI**

46. Defendants Ford and John doe acted to deprive Plaintiff of freedom from unreasonable search and seizure, unlawful liberty and property interest, due process, and equal protection under the law, rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States and similar provisions of the Constitution of Ohio, including but not limited to Article I, Sections 10 and 16 thereof.

**Count VII**

47. Defendants Ford and John Doe falsely and wrongfully imprisoned and/or detained Plaintiff contrary to the laws of Ohio.

**Count VIII**

48. Defendants Ford and John Doe wrongfully and unlawfully restrained and detained Plaintiff contrary to the laws of Ohio.

**Count IX**

49. Defendants Ford and John doe acted under the color of the state law to deprive Plaintiff of the rights secured under the federal civil rights laws, namely 42. U.S.C. 1985.

**Count X**

50. Defendants Ford and John Doe illegally invaded Plaintiff's privacy.

**Count XI**

51. The actions and conduct of the Defendants Ford and John Doe constituted negligence and/or gross negligence and/or recklessness.

**Count XII**

52. The actions of Ford and John Doe constitute excessive and/or unreasonable and/or unlawful use of force.

**Count XIII**

53. Defendants Ford and John Doe negligently and/or intentionally inflicted serious emotional harm and distress of Plaintiff.

**Count XIV**

54. The actions of Defendants Ford and John Doe constitute racial profiling in violation on the 4th Amendment of the United States Constitution.

**Count XV**

55. Because of the actions of Defendants Ford and John Doe, Plaintiff has incurred substantial legal fees and medical expenses, has been subjected to significant anxiety, stress, effort, and has been deprived of his right to dignity.

**PLAINTIFF'S CLAIMS AGAINST DEFENDANT CITY OF COLUMBUS**

**Count I**

56. Defendant City of Columbus neglected its duty to Plaintiff and to the public in general when it hired Defendants Ford and John Doe.

**Count II**

57. The actions and/or conduct of the Defendant City of Columbus constituted negligence and/or gross negligence and/or recklessness.

**Count III**

58. Defendant City of Columbus acted under color of state law to deprive Plaintiff of rights secured under federal civil rights laws, namely 42 U.S.C. 1985.

**Count IV**

59. Defendant City of Columbus negligently and intentionally inflicted serious emotional distress on Plaintiff.

**Count V**

60. Defendant City of Columbus' acts and/or omissions constitutes abuse of process.

**Count VI**

61. Defendant City of Columbus' acts and/or omissions constitutes racial profiling in violation of the 4th Amendment of the United States Constitution.

**Count VII**

62. Defendant defamed Plaintiff.


**REQUEST FOR RELIEF**

    Wherefore, Plaintiff prays for judgment against Defendants as follows:

A) a declaration against each Defendant that Plaintiff has been deprived of his rights to have freedom from unreasonable search and seizure, lawful liberty and property interest, privacy rights, due process, and equal protection of the laws and rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States, Constitution of Ohio, but not limited to Article I, Sections 10 and 16 thereof, and the laws of Ohio, including but not limited to laws preventing assault and battery, false imprisonment, false arrest and invasion of privacy;

B) An order directing the Defendants to publicly apologize to Plaintiff;

C) An order directing the Defendant City of Columbus to prohibit Defendants Police Officers, namely Ford and John Doe, from acting in any official capacity that requires their interacting with the public;

D) An order protecting Plaintiff and those acting on his behalf from retaliation by the Defendants and those acting in concert with them;

E) An award of compensatory damages for Plaintiff, (jointly and severally, and/or severally) in an amount of $300,000.00 or any greater amount proved at trial to compensate Plaintiff from injury to his person, liberty, and property interest;

F) An award of punitive damages for Plaintiff against each Defendant (jointly and severally, and/or severally) in an amount of $300,000.00 or any greater amount proved sufficient to deter future unlawful conduct and to express the indignation and outrage of the community toward their conduct;

G) Plaintiff's cost and attorney fees as provided in 42 U.S.C. 1988; and

H) Such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Byron L. Potts
Byron L. Potts (0040246)
Attorney for Plaintiff
538 East Rich Street
Columbus, Ohio 43215
(614) 228-2154 office
(614) 228-2155 fax
byronpotts@msn.com